CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
FEB 29 2012
JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARLON G. WATSON,
    Plaintiff,

Civil Action No. 7:12-cv-00037

v.

MEMORANDUM OPINION

JOHN S. GARMAN, et al.,
    Defendants.

By:  Hon. Jackson L. Kiser
      Senior United States District Judge

    Marlon G. Watson, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants John S. Garman, the Western Regional Director for the Virginia Department of Corrections ("VDOC"), and Harold W. Clarke, the VDOC Director. Plaintiff alleges in his complaint that prison officials are deliberately indifferent to a serious risk of death if plaintiff is moved from segregation to the general population of a VDOC facility.

    Presently before the court is plaintiff's motion for a preliminary injunction, which I construe as a Temporary Restraining Order ("TRO") because the defendants have not yet been served. Plaintiff requests preliminary equitable relief to have me order plaintiff's transfer to protective custody from segregation.

    The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). I may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

party can be heard in opposition[.]" Fed. R. Civ. P. 65(b). The movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 555 U.S. 7, 20-24 (2008). The moving party must certify in writing any effort made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b).

Plaintiff does not describe any effort he made to give notice of his motion for preliminary equitable relief and the reasons why notice should not be required. Plaintiff does not establish that he is likely to succeed on the merits because inmates do not have a constitutional right to choose their classification levels or housing. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Furthermore, plaintiff acknowledges that that he has not yet been harmed and that he remains segregated away from the inmates who allegedly will harm him. Plaintiff does not establish that the balance of equities tips in his favor because he acknowledges that he is protected from physical harm in segregation. Efficient and effective penal administration furthers the public's interest, and involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Accordingly, plaintiff fails to establish the requirements for a TRO, and I deny his request.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 29th day of February, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge