CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 10 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MARLON G. WATSON,<br>Plaintiff, | Civil Action No. 7:12-cv-00037 |
| v. | **MEMORANDUM OPINION** |
| JOHN S. GARMAN, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Marlon G. Watson, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants John S. Garman, the Virginia Department of Corrections ("VDOC") Western Regional Director; George Hinkle, an assistant to Garman; Mathena, former Warden of the Wallens Ridge State Prison ("WARSP"); and Kiser, former Warden of the WARSP. Plaintiff alleges that defendants are deliberately indifferent to an excessive risk of danger to plaintiff's safety, in violation of the Eighth Amendment to the United States Constitution. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in the amended complaint. Plaintiff entered the WARSP in 2008, he became a member of a prison gang in 2009, and WARSP staff identified him as a gang member in 2010. Plaintiff informed Mathena and Kiser in 2011 that he no longer wanted to be in the gang, this fact became known to the gang, and a gang member told plaintiff that he would be stabbed or beaten by any gang member. Plaintiff does not know which gang member will attack him because new members are recruited every day.

Plaintiff told the VDOC Directors and the WARSP's Wardens that he feared for his safety and is scared to go into general population, where the gang members can attack him. Plaintiff has filed grievances and documents listing the names of gang members he knows and

requested a transfer into protective custody or to a different VDOC district, but Hinkle and Garman have denied the requests despite their ability to reclassify him.

Plaintiff has remained in segregation, away from other gang members and the general population.[1] Plaintiff receives a disciplinary infraction every thirty days, pursuant to WARSP policy, because plaintiff refuses a monthly order to return to general population. Plaintiff does not want to continue to pay a fine or spend time in isolation for disobeying orders every month until his release in July 2013. Plaintiff complains that the conditions of confinement in segregation are not as favorable as protective custody and that he should not be confined in the WARSP, a level 5 facility, because he is a level 4 inmate.

Plaintiff argues that defendants intentionally disregard the palpable risk of harm by ordering him back into general population every thirty days. Plaintiff requests as relief that I declare that defendants violated plaintiff's rights and order defendants to move plaintiff into protective custody, into a level 4 facility, or out of the VDOC Western Region. Plaintiff also requests compensatory and punitive damages.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is

---

[1] Plaintiff does not explain why or how long he has been in segregation.

2

entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Prison officials cannot be found liable under the Eighth Amendment for failing to protect an inmate unless the official knows of an excessive risk of danger to inmate health and safety, and the official knowingly and deliberately acts, or fails to act, in a manner that uniquely increases the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Rich v. Bruce, 129 F.3d 336, 338-40 (4th Cir. 1997).

Plaintiff cannot establish that defendants subjected plaintiff to an excessive risk of danger because he remains in segregation and safe from gang members. Plaintiff concedes that WARSP staff allow plaintiff to remain in segregation, despite repeatedly disobeying orders to return to general population. The costs of plaintiff's choice to remain segregated is an unspecified fine, less comfortable conditions of confinement, and an unspecified term of isolation.

Although plaintiff is frustrated by officials' decisions to keep him in segregation at a level 5 facility, plaintiff fails to describe any condition of confinement in segregation or isolation that constitutes cruel and unusual punishment. See Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (holding that deprivations involved by mere placement in segregation does not violate the Eighth Amendment). An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life...." Id. at 484. To show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, plaintiff's classification does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing,

4

linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). Accordingly, plaintiff fails to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the amended complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and deny as moot plaintiff's motion for reconsideration of my prior Order denying a motion for a preliminary injunction.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 10th day of May, 2012.

Senior United States District Judge